UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EDWARD JEROME HARBISON, ) | |
| ) | |
| Plaintiff ) | |
| ) | No. 3:14-0409 |
| v. ) | Judge Trauger/Bryant |
| ) | |
| EVELYN THOMPSON, *et al.*, ) | |
| ) | |
| Defendants ) | |

**TO:  THE HONORABLE ALETA A. TRAUGER**

### REPORT AND RECOMMENDATION

Defendants Benjamin F. Bean and Charles Wayne Carpenter have filed their motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Docket Entry No. 74). Plaintiff Harbison has filed a multitude of responses in opposition (Docket Entry Nos. 79, 80, 81, 82, 84, 85, 89, 90, 100, and 108). Defendants Bean and Carpenter have filed a reply (Docket Entry No. 87).

For the reasons stated below, the undersigned Magistrate Judge recommends that Defendants' motion to dismiss be GRANTED and that the complaint against Defendants Bean and Carpenter be dismissed.

### STATEMENT OF THE CASE

Plaintiff Harbison, a prisoner proceeding *pro se*, has filed this action pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights during his

confinement at the Riverbend Maximum Security Institution ("RMSI") in Nashville, Tennessee (Docket Entry No. 32).

Defendants Bean and Carpenter have filed their motion to dismiss.

## STANDARD OF REVIEW

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the court must view the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). This requirement of accepting the truth of the complaint's factual allegations does not apply to legal conclusions, however, even where such conclusions are couched as factual allegations. Id. Although Federal Rules of Civil Procedure 8(a)(2) requires merely "a short and plain statement of the claim," the plaintiff must allege enough facts to make the claim plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). He must plead well enough so that his complaint is more than "a formulaic recitation of the elements of a cause of action." *Id.* at 555. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

While a *pro se* complaint is "to be liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), "basic pleading essentials" still apply. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1990). Moreover, "[d]istrict courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. To do so would 'require . . . [the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of advocate seeking out the strongest arguments and most successful strategies for a party.'" *Dixie v. Ohio*, 2008 WL 2185487, at *1 (N.D. Ohio May 23, 2008) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

**SUMMARY OF PERTINENT ALLEGATIONS**

Plaintiff Harbison in his amended complaint alleges that in August 2013 Defendant Evelyn Thompson, a Library Supervisor at RMSI, violated his constitutional rights under the First and Fourteenth Amendments of the U. S. Constitution by confiscating his personal legal materials and barring him from the RMSI law library. Plaintiff further alleges that Defendant Thompson retaliated against him for asserting his right to access the court and to file inmate grievances in the prison's grievance system.

Defendant Bean is identified in the amended complaint as Correctional Program Manager Inmate Grievances and Disciplinary Appeals of the Tennessee Department of Corrections, and Defendant Carpenter is identified as the Warden of RMSI (Docket Entry No. 32 at 4). Plaintiff alleges that Defendant Carpenter "became responsible for by reason of failure to correct Defendant, Evelyn Thompson's unlawful behavior when Plaintiff Harbison brought the Defendant's Evelyn Thompson's action to his attention through letters, conversations grievances and appeals filed by Plaintiff" (Docket Entry No. 32 at 32). Plaintiff also asserts that Defendant Carpenter "became responsible when he failed to correct the unlawful behavior of Defendant Evelyn Thompson in the course of his supervisory responsibility" (*Id.*)

Similarly, Plaintiff claims that Defendant Bean "became responsible for by reason of failure to correct Defendant Evelyn Thompson's unlawful behavior when Plaintiff Harbison brought the Defendant's Evelyn Thompson's action to his attention through letter, conversation and grievances filed by Plaintiff." (*Id*. at 33-34). Defendant also maintains that Defendant Bean "became responsible when he failed to correct the unlawful behavior of Defendant Evelyn Thompson in the course of his supervisory responsibilities" (Docket Entry No. 32 at 34).

**ANALYSIS**

Section 1983 of Title 42 of the United States Code provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof, to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ."

Assuming without deciding that Defendant Thompson's actions violated Plaintiff Harbison's constitutional rights, the amended complaint fails to allege that either Defendant Bean or Defendant Carpenter had knowledge of Thompson's actions when they occurred. Similarly, the amended complaint contains no allegation that either Defendant Bean or Defendant Carpenter was personally involved in some manner in the alleged wrongdoing of Defendant Thompson giving rise to this complaint. Instead, Plaintiff alleges that both Bean and Carpenter held supervisory positions over Defendant Thompson and that they are therefore responsible for the wrongdoing of their subordinates. In addition, Plaintiff Harbison argues that both Defendant Bean and Defendant Carpenter later became aware of Defendant Thompson's allegedly unconstitutional behavior through grievance appeals and/or letters written to them

5

by Plaintiff and, despite this knowledge, they failed to correct Defendant Thompson's allegedly unlawful behavior.

The Supreme Court has found that liability for wrongful conduct of employees under the doctrine of *respondeat superior* is not a basis for liability under section 1983 in the absence of allegations and proof of personal complicity. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 694 (1978). Therefore, supervisors cannot be held liable under section 1983 solely for the misconduct of their subordinate employees. (*Id*. at 691-94). The Sixth Circuit has held that in order to hold a supervisor liable, a plaintiff must show that the supervisor personally participated in the alleged wrongdoing. *Wilson v. Beede*, 612 F.2d 275, 276 (6th Cir. 1980). Thus, a supervisory official's failure to supervise, control or train the offending subordinate employee is not actionable unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it. *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 874 (6th Cir. 1982). Therefore, liability of a supervisor under section 1983 must be based upon active unconstitutional behavior and cannot be based upon "a mere failure to act." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). The undersigned Magistrate Judge finds that the claims against Defendants Bean and Carpenter – that they failed to correct the alleged wrongdoing of Defendant Thompson after being notified of it – fail to state a

claim upon which relief can be granted under the foregoing authority.

For these reasons, the undersigned Magistrate Judge finds that the motion to dismiss filed on behalf of Defendants Bean and Carpenter should be GRANTED.

## RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge recommends that the motion to dismiss filed on behalf of Defendants Bean and Carpenter should be GRANTED and the complaint against them dismissed.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 5th day of February, 2015.

/s/  John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge