IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| EDWARD J. HARBISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:14-cv-0409 |
| | ) | |
| EVELYN THOMPSON, *et al.*, | ) | Judge Trauger |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Before the court is Magistrate Judge John Bryant's Report and Recommendation ("R&R") (ECF No. 114), recommending that the motion to dismiss filed by defendants Charles Wayne Carpenter and Benjamin F. Bean be granted and that the complaint against those two defendants be dismissed. Plaintiff Edward J. Harbison, a prisoner in state custody at Riverbend Maximum Security Institution ("RMSI"), has filed objections to the R&R. (ECF Nos. 126, 126-1). The plaintiff has also filed separate objections (ECF No. 125) to the magistrate judge's order (ECF No. 120) denying the plaintiff's "Motion for a Court Order ExParte" (ECF No. 91), in which the plaintiff requests an order requiring prison officials to allow him to store all his legal materials on a flash drive and back-up flash drive.

For the reasons set forth herein, the plaintiff's objections to both orders will be overruled.

I. **STANDARD OF REVIEW**

The standard of review applicable to a party's objections to a magistrate judge's ruling depends upon whether the objections pertain to a dispositive or non-dispositive matter. If the issue is dispositive, any party may, within fourteen days after being served with a magistrate judge's recommended disposition, "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The district court must review *de novo* any portion of the report and recommendation to which objections are "properly" lodged. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B) & (C). An objection is "properly" made if it is sufficiently specific to "enable[] the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). "The filing of vague, general, or conclusory objections does not

meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

A party may also file objections to a magistrate judge's non-dispositive order within fourteen days of being served with such order, but this court's review of a magistrate judge's resolution of a non-dispositive pretrial matter is limited to determining whether the order is "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). *See also Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993) ("When a magistrate judge determines a non-excepted, pending pretrial matter, the district court has the authority to 'reconsider' the determination, but under a limited standard of review."). Under this standard, the court is not empowered to reverse the magistrate judge's finding simply because this court would have decided the issue differently. Findings of fact are reviewed under the "clearly erroneous" standard. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992). Legal conclusions are reviewed under the "contrary to law" standard. *Id.* "'A finding [of fact] is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Adams County Reg'l Water Dist. v. Vill. of Manchester*, 226 F.3d 513, 517 (6th Cir. 2000) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). *See also Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985) (interpreting the "clearly erroneous" standard in Rule 52(a)). A legal conclusion is contrary to law if it contradicts or ignores applicable precepts of law, as found in the Constitution, statutes, or case precedent. *Lafountain v. Martin*, No. 1:07-cv-76, 2010 WL 748215, at *1 (W.D. Mich. March 1, 2010) (citing *Gandee*, 785 F. Supp. at 686). The standard of review of legal conclusions is *de novo*. *United States v. Curtis*, 237 F.3d 598, 607 (6th Cir. 2001).

**II.     BACKGROUND**

The plaintiff instituted this action in August 2013, alleging that the defendants violated his rights under 42 U.S.C. § 1983 during his incarceration at RMSI. After being granted several extensions of time for doing so, he paid in full the $400.00 filing fee on February 11, 2014. He filed several amended complaints, but the operative amended complaint was filed on May 14, 2014 (ECF No. 32). He originally sued nine different defendants but has since voluntarily dismissed his claims against two of them. The plaintiff alleges that defendant Evelyn Thompson denied him access to the courts and retaliated against

him for engaging in protected conduct by barring him from the prison law library, confiscating his personal legal materials, and causing the plaintiff to lose his job as a legal assistant. The claims against the other defendants are largely based on those defendants' handling of the plaintiff's grievances and grievance appeals, letters and other reports related to the actions of Evelyn Thompson.

Defendants Carpenter and Bean filed their motion to dismiss the claims against them under Rule 12(b)(6) on July 14, 2014 (ECF No. 74). The plaintiff filed several responses in opposition to the motion, and the defendants filed a reply brief. On February 5, 2015, Magistrate Judge Bryant issued his R&R recommending that the claims against these two defendants be dismissed on the basis that the complaint contains no factual allegations that either of these defendants was personally involved in the alleged wrongdoing. Instead, the plaintiff seeks to hold them liable solely on the basis that they are supervisory officials who should be responsible for the wrongdoing of their subordinates and should have corrected their subordinates upon receipt of the plaintiff's grievance appeals and letters. The plaintiff's objections, dated February 17, 2015, are timely.

On February 9, 2015, the magistrate judge issued a separate order denying the plaintiff's motion for an *ex parte* order requiring prison officials to allow him to store his legal materials dealing with his criminal convictions, sentences, and civil action on a flash drive and a backup flash drive so that these materials would comply with prison policy regarding the total amount of legal materials that an inmate may have in his possession while confined in a TDOC institution. The plaintiff's objections to this non-dispositive order are also timely.

### III. DISCUSSION

####    A.    Objections to the Recommendation that Claims Against Defendants Carpenter and Bean Be Dismissed

Because acceptance of the recommendation that Carpenter and Bean's motion be granted is dispositive of the claims against these defendants, the standard applicable to dispositive motions applies, and the court must review *de novo* any portion of the R&R to which objections are properly lodged. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B) & (C).

In his objections, the plaintiff concedes that he did not allege that defendants Carpenter and Bean were personally involved in defendant Evelyn Thompson's actions, but then argues that defendant Carpenter personally participated in the plaintiff's removal from his prison job when Carpenter signed off

- 3 -

on Evelyn Thompson's August 13, 2013 Request for Program Dismissal, in which she requested that the plaintiff be dismissed from his position as library aid.[1] (*See* ECF No. 32, at 75, Ex. 8 to Am. Compl.)

The plaintiff further contends that defendants Bean and Carpenter may be personally liable in their individual capacity in this case because they "approved" Thompson's "unlawful actions and behavior by failing to correct when Plaintiff had placed them on notice, through letters, conversations, grievances and appeals filed by Plaintiff against Defendant, Evelyn Thompson." (ECF No.126-1, at 1.) He also asserts that, as warden of the institution where the plaintiff is confined, defendant Carpenter has the duty to "protect[] the rights and look[] out for" the plaintiff's welfare. (*Id.* at 1–2.)

In support of his claims, the plaintiff alleged in his Amended Complaint that, before filing his lawsuit, he had spoken with RMSI officials including defendant Carpenter, but no one intervened to correct "Evelyn Thompson's blatant errors of constitutional magnitude." (ECF No. 32, Am. Compl. ¶ 27.) Attached to the complaint is a letter to Carpenter dated August 13, 2013, in which the plaintiff reports Thompson's inequitable and unprofessional behavior and the disciplinary action taken against him on August 12, 2013 and states: "I wish you would investigate my concerns [of] which I have complained to you about in this letter." (ECF No. 32, at 107–09, Am. Compl. Ex. 10.)

On September 3, 2013, the plaintiff wrote to Carpenter again complaining about the process employed in the plaintiff's grievance hearing and appeal concerning Thompson's conduct, asking that Carpenter consider the plaintiff's statement that Gregory Leonard, the grievance chairperson, had refused to allow the plaintiff or his advocate to put forward evidence of Thompson's harassment and retaliation at the hearing. Carpenter wrote on the letter: "Grievance has already been heard." (ECF No. 32 at 15, 182, Am. Compl. ¶¶ 40–41 & Ex. 18.) The plaintiff thereafter filed a grievance related to Leonard's treatment of his documentary evidence in the process of the appeal of the grievance related to Evelyn Thompson. Although the grievance committee concurred with the grievant, the warden rejected the claim on the basis

---

[1]On this form, Thompson submitted a request to her supervisor, Bill Smith, that the plaintiff be removed from the position of library aide "because of his inability to follow library rules, and his lack of honesty," as evidenced by three prior "L.C.D.G. Notes" and a disciplinary write-up. (ECF No. 32, at 75.) Both Bill Smith and the warden signed the form and checked the boxes provided to note approval of the proposed action.

that an inmate is not permitted to submit more than one grievance arising out of the same or similar incident. (ECF No. 32, at 16, 209, Am. Compl. ¶ 47 & Ex. 19.)

The only other paragraphs in the complaint regarding Carpenter's conduct are legal conclusions rather than factual allegations. The plaintiff characterizes Carpenter's actions as retaliatory (ECF No. 32, at 27–28, Am. Comp. ¶ 89) and asserts that Carpenter should be liable for failing to remedy Thompson's actions. The plaintiff claims, as a legal proposition, that "a supervisor who learns of a Constitutional violation through letters, conversations, report, grievances and appeals may be held liable for failing to correct it," and that a supervisor has "a duty to conduct at least a 'minimal investigation when confronted with evidence of due process violations.[']" (ECF No. 32, at 34, Am. Compl. ¶¶ 130–31; *see id.* ¶¶ 132–137.) Similar legal claims are made against defendant Benjamin Bean, but the complaint contains even fewer factual allegations to support them.

The plaintiff takes issue with the magistrate judge's finding that defendants Carpenter and Bean had no knowledge of Thompson's actions at the time they occurred. He insists that defendant Carpenter had knowledge of Thompson's "past pattern of misconduct" and then learned of the misconduct alleged in the complaint through the plaintiff's efforts to bring it to his attention. The plaintiff asserts that Carpenter's knowledge of past misconduct and present misbehavior put him "on notice of the potential constitutional deprivation," and that he should be liable for taking any steps to "remedy a known pattern of past or present misconduct." (*Id.* at 2.) The only cases the plaintiff cites hold that an employer may be liable for the acts of employees taken within the scope of their employment under the doctrine of *respondeat superior*. (*See* ECF No. 126-1, at 3 (citing *Hamilton v. Carell*, 243 F.3d 992, 1001 (6th Cir. 2001); *Starr Printing Co. v. Air Jamaica*, 45 F. Supp. 2d 625, 633–34 (W.D. Tenn. 1999)).)

The law is clear, however, that the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80–81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Instead, supervisors can be personally liable under § 1983 "only for their own unconstitutional behavior." *Colvin v. Caruso*, 605 F.3d 282, 292 (6th Cir. 2010) (quoting *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989)); *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("[A] plaintiff must plead that each Government-official defendant,

through the official's own individual actions, has violated the Constitution."); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (stating that supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act'" (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998))). Thus, "simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)). "[E]ven if a plaintiff can prove a violation of his constitutional rights, his § 1983 claim must fail against a supervisory official unless the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Cardinal v. Metrish*, 564 F.3d 794, 802–03 (6th Cir. 2009) (citations and internal quotation marks omitted). To succeed on his claim, the plaintiff must therefore show that the defendants "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.* at 803 (citations omitted).

Approval or acquiescence in the form of the denial of a grievance or appeal, however, is not the type of contemporaneous encouragement and participation that can give rise to personal liability. *See Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1988) (holding that a supervisory official's awareness of alleged illegal conduct after the fact does not provide a basis for imposition of damages under 42 U.S.C. § 1983); *see also Martin v. Harvey*, 14 F. App'x 307, 309–10 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care."); *Shehee*, 199 F.3d at 300 (as against defendants whose only involvement was the denial of administrative remedies and the "failure to remedy the alleged retaliatory behavior[,]" "[t]here is no allegation that any of these defendants directly participated . . . in the claimed . . . acts[ ]"); *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989) ("The mere fact that these defendants found plaintiff's . . . grievance concerning the seizure to be without merit is insufficient to state a claim against them."). Likewise, merely being aware of a prisoner's complaint and failing to take corrective action is insufficient to impose liability on supervisory personnel under § 1983. *Poe*, 853 F.2d at 429.

Several cases from the Sixth Circuit provide additional guidance on a supervisory liability claim. The court has stated, for example, that the "[p]laintiff must prove that [the supervisor defendants] did more than play a passive role in the alleged violations or show mere tacit approval of the goings on.

Plaintiff must show that the supervisors somehow encouraged or condoned the actions of their inferiors."

*Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir.2006) (internal and external citations omitted).

Moreover, the Sixth Circuit has stated:

> [S]upervisor liability [under § 1983] occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation. The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he [she] fails to do so. The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant, and of continued duration, rather than isolated occurrences.

*Doe v. City of Roseville*, 296 F.3d 431, 440 (6th Cir. 2002) (quoting *Braddy v. Fla. Dep't of Labor & Employment Sec.*, 133 F.3d 797, 802 (11th Cir. 1998)).

Presumably in support of his claim that Carpenter should have been aware of Thompson's acts because of her history, the plaintiff alleges that Warden Roland Colson, Carpenter's predecessor, removed Thompson from the position of RMSI library supervisor as a result of grievances filed against her and placed her in the position of clerical officer for approximately a year. (ECF No. 32, Am. Compl. ¶¶ 16, 17.) Even assuming that Warden Carpenter was aware of that action and that it indeed resulted from prisoner grievances, the plaintiff's allegations do not establish that Thompson had engaged in the type of widespread abuse—"obvious, flagrant, rampant, and of continued duration"—that will render a supervisor liable despite the lack of personal involvement in the actual behavior giving rise to the plaintiff's claims. Likewise, Carpenter's authorization of Thompson's request to remove Harbison from the position of library aide was not an action that would give rise to liability under § 1983, even if it is ultimately determined that Thompson's decision to remove the defendant itself was retaliatory.

The plaintiff's other factual allegations show only that defendants Carpenter and Bean failed to respond to the grievances and letters through which the plaintiff retroactively sought to make them aware of defendant Thompson's actions. The court therefore finds that the magistrate judge correctly concluded that the Amended Complaint fails to set forth facts which, if true, would establish liability on the part of either Charles Wayne Carpenter or Benjamin Bean.

The court will therefore overrule the plaintiff's objections and accept and adopt the magistrate judge's ruling dismissing the claims against Carpenter and Bean.

### B. Objections to Order Denying Plaintiff's Motion for *Ex Parte* Order

On August 12, 2014, the plaintiff sought from the court an order permitting him to store his legal materials dealing with his "criminal convictions, sentences, and civil action" on a flash drive and backup flash drive. In support of his motion, he stated that he is still in the process of challenging the constitutionality of his 1983 conviction, that prison officials have impeded his "right to petition for his freedom in court," and that TDOC policy limits the total amount of legal materials that may be held in a prisoner's immediate possession to a file no bigger than 1.5' x 1' x 1, although more may be held in storage to which the prisoner has reasonable access. The plaintiff states that compliance with these regulations does not meet his needs for immediate access to all his materials. He seeks a court order permitting him to bear the costs of scanning and keeping his legal material on a flash drive and thus to remain in compliance with prison policy.

Magistrate Judge Bryant entered a thoughtful and considered order denying the plaintiff's motion on the basis that (1) the request was "almost wholly unrelated to any claims raised in this lawsuit"; (2) the magistrate judge was "reluctant to interfere in the administration of a correction facility without knowing all information that might bear upon this issue"; and (3) there was no evidence that the prison's storage policy was infringing the plaintiff's right to access the court in this particular case, given the number and frequency of the plaintiff's filings. This order is not clearly erroneous or contrary to law. The plaintiff's objections will therefore be overruled.

An appropriate order is filed herewith.

_____
Aleta A. Trauger
United States District Judge