# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| EDWARD JEROME HARBISON, ) | |
| ) | No. 3:14-cv-0409 |
| Plaintiff, ) | Judge Trauger |
| ) | |
| v. ) | |
| ) | |
| EVELYN THOMPSON et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

The plaintiff, Edward Jerome Harbison, is presently incarcerated at the Riverbend Maximum Security Institution in Nashville, TN. Before the court is the plaintiff's response to the order to show cause issued by the magistrate judge.

In order to ensure the prompt resolution of this matter, the court will vacate the referral to the magistrate judge and considers the plaintiff's response to the order to show cause (ECF Nos. 134-138.)

Additionally, because the plaintiff timely responded to the magistrate judge's order to show cause, the court will discharge the order to show cause. However, because the plaintiff has failed to diligently prosecute this action, it will be dismissed.

## I.     FACTS AND PROCEDURAL HISTORY

On August 27, 2013, the plaintiff initiated this action by filing a motion for preliminary injunction. (ECF No. 1.) Because Plaintiff had not paid the filing fee or applied to proceed *in*

*forma pauperis* and because he had not filed a Complaint, the court ordered the plaintiff to correct these omissions. (ECF No. 2). The plaintiff sought more time to comply with the court's order, which the court granted. (ECF Nos. 5-6.) On December 4, 2013, the plaintiff filed an Amended Complaint[1] and an application to proceed *in forma pauperis*. (ECF Nos. 10-11.) In the course of considering the plaintiff's application to proceed *in forma pauperis*, the court ascertained that the plaintiff was prohibited from proceeding *in forma pauperis* because he had three-strikes under 28 U.S.C. 1915(g) and because the allegations in plaintiff's Cmplaint did not satisfy the "imminent-danger" exception to the three-strikes rule. *Id.* Accordingly, the court ordered the plaintiff to pay the civil action filing fee within 30 days and warned the plaintiff that failure to do so would result in the dismissal of this action for failure to prosecute. (ECF No. 14.) After receiving additional time to do so, the plaintiff paid the $400 filing fee on February 11, 2014. (ECF No. 18-19, 23.) Thereafter, the court referred this case to the assigned magistrate judge for further proceedings.

After receiving authorization from the magistrate judge to do so, on May 14, 2014, the plaintiff filed another Amended Complaint, the operative pleading in this action, in which he named nine defendants: Derrick D. Schofield, Commissioner of the Tennessee Department of Corrections ("TDOC"); Benjamin F. Bean, Correctional Program Manager Inmate Grievances and Disciplinary Appeals; Charles Wayne Carpenter, Warden RMSI; Tony Mays, Deputy Warden RMSI; William Smith, RMSI Inmate Job and Classification Coordinator; Michael Bryant, RMSI Education Supervisor; Gregory Leonard, RMSI Grievance Chairperson; Evelyn Thompson, RMSI Clerical Correctional Officer. (ECF No. 17, 19, 32.) The gist of the

---

[1] Although it is unclear why, on December 5, 2013, the plaintiff filed a partial Amended Complaint. (ECF No. 13.)

plaintiff's Amended Complaint is that he was wrongfully deprived of his position as a law library aide, a position which, the plaintiff alleges, required him to: (1) assist in preparing civil or criminal cases using general knowledge of reference books, material and indexes; (2) assist in preparing legal documents and writs; (3) investigate facts and law of cases; and (4) assist in preparing legal forms. (ECF No. 32 at Page ID# 156.) In addition to the Amended Complaint, the plaintiff filed a motion to appoint counsel, along with a memorandum in support of the motion, seven sworn affidavits and summonses for each defendant to be issued by the Clerk of Court. (ECF Nos. 33-43.) Each of the summonses prepared by the plaintiff, issued by the Clerk of Court and then sent back to the plaintiff so that he could serve the defendants—contained the following statement: "[i]f you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint." (ECF No. 43.) On May 16, 2014, the magistrate judge denied the plaintiff's motion to appoint counsel. (ECF No. 44.) The plaintiff filed a response in opposition to the magistrate judge's decision, which the court construed as objections to the magistrate judge's order and overruled. (ECF Nos. 47, 51.)

On June 9, 2014, defendant Bean filed a *pro se* motion for extension of time to respond to the Amended Complaint, which the magistrate judge granted. (ECF Nos. 48-49.)

On June 19, 2014, the plaintiff filed a motion to supplement his motion for appointment of counsel. (ECF No. 57.) On June 27, 2014, the plaintiff filed a motion in which he advised the court that, on June 2, 2014, defendant Gregory Leonard "made threats to Plaintiff about sending him pleadings, the Plaintiff forwarded his copy to the Clerk's Office with a self-addressed envelope to show that his copy was stamped as filed and [to] be sent back to Defendant, Gregory Leonard." (ECF No. 58 at Page ID# 552.) That same day, the plaintiff filed two additional

motions—a motion seeking to voluntarily dismiss defendants Mays and Andrews,[2] and a motion alerting the court to issues the plaintiff was having obtaining postage for legal mail. (ECF Nos. 59-60.)

On June 30, 2014, defendant Charles Carpenter filed a *pro* se motion for extension of time to file an answer, which the magistrate judge granted. (ECF Nos. 61-62.)

On July 9, 2014, the plaintiff filed a motion alerting the court to the fact that, although defendants Bean and Carpenter had sought extensions of time to answer the Complaint, they never responded to the plaintiff's notice of "Waiving Service of Summons."[3] (ECF No. 67.) Additionally, the plaintiff noted that none of the other defendants had made an appearance or responded to plaintiff's notice of "Waiving Service of Summons," despite the fact that the plaintiff had provided each defendant with a self-addressed, stamped envelope. (*Id.*) Finally, the plaintiff advised the court that he would be sending a second notice to these defendants. (*Id*.) Plaintiff filed with the court, and appears to have served all defendants with, his typewritten version of the court's form AO 399, "Waiver of the Service of Summons." (ECF No. 72.) Notably, the document the plaintiff prepared (and the court's AO 399 form) contain the following statement: "[i]f I fail [to respond within the time allowed], a default judgment will be entered against me." (*Id.* at Page ID# 611.)

---

[2] Andrews was identified as a defendant in an earlier version of the plaintiff's Complaint, but by the time he filed the Amended Complaint on May 14, 2014, which is the operative pleading in this action, Andrews was no longer identified as a defendant.

[3] The plaintiff, apparently, created a document, which appears to be a hybrid of the court's form Summons (AO 440) and the court's form Waiver of the Service of Summons (AO 399), with the plaintiff's personal additions. Notably, this document contains the following statements: "[i]f you do not return the signed waiver within the time indicated, I will arrange to have the summons served on you, since [you] have already received the complaint. And[,] I will ask the court to require you, or the entity you represent, to pay the expenses of making service." (ECF Nos. 69-71.)

On July 14, 2014, defendants Bean and Carpenter filed a motion to dismiss. (ECF Nos. 74-75.)

On July 16, 2014, the plaintiff filed a motion alerting the court to an error in his waiver of service document and explaining that he had corrected the error. (ECF No. 77.) [4] On July 23, 2014, plaintiff submitted a letter to the court seeking a copy of the case docket. (ECF No. 78.) On July 31, 2014, the plaintiff filed an opposition to the motion to dismiss. (ECF Nos. 79-80.) On August 4, 2014, he filed two supplemental documents in support of his opposition (ECF Nos. 80-81) and on August 6, 2014, he filed yet two more supplements in support of his opposition to the motion to dismiss (ECF Nos. 82, 84.)

Defendants Carpenter and Bean sought permission to file a reply to the plaintiff's many filings in opposition to their motion, which was granted by the magistrate judge. (ECF Nos. 83, 86.) On August 8, 2014, defendants Bean and Carpenter filed their reply. (ECF No. 87.) On August 12, 2014, the plaintiff filed four documents related to defendants' motion to dismiss and this litigation. (ECF Nos. 89-92.) From August 26, 2014 through November 12, 2014, the parties filed additional briefing regarding the motion to dismiss filed by defendants Bean and Carpenter. (ECF Nos. 94, 98, 100, 102-104.)

On February 5, 2015, the magistrate judge issued a report and recommendation granting the pending motion to dismiss. (ECF No. 114.) On February 23, 2015, the plaintiff filed his objections to the report and recommendation. (ECF No. 126.) On March 10, 2015, the court issued a memorandum opinion and order, overruling the plaintiff's objections, accepting the

---

[4] Based on the information in the plaintiff's proof of service, as of July 16, 2014, all defendants appear to still be employed by TDOC either at RMSI or at TDOC headquarters.

report and recommendation, and dismissing defendants Bean and Carpenter from the case. (ECF No. 127-128.)

For more than 16 months, from March 10, 2015 until July 29, 2016, the plaintiff did not file a single document or, apparently, advance this case in any way.

On July 29, 2016, the magistrate judge issued an order to show cause why this action should not be dismissed for failure to prosecute. (ECF No. 131.) On August 17, 2016, the plaintiff timely responded to the magistrate judge's order to show cause. (ECF Nos. 134-138.) In his response, the plaintiff asserts that this matter should not be dismissed because of "acts by defendant Gregory Leonard that dictated verbal threats not to send him any more legal pleadings," because defendants Thompson and Schofield are no longer TDOC or RMSI employees, because defendant Leonard was promoted to Lieutenant, and because the plaintiff has failed to "participate in the preparing of the managing of the case with the remaining defendants listed in the complaint due to intimidation, [and] threats made by some of the defendants." (ECF No. 135 at Page ID## 872-73.) The plaintiff argues that his failure to prosecute this case should be considered excusable neglect, "due to the threats made to plaintiff," that there is no evidence the plaintiff acted in bad faith, and that there is no evidence that the plaintiff's failure to prosecute this action has prejudiced the defendants. (*Id.*) Additionally, in the "affidavit" that the plaintiff filed in support of his response, the plaintiff states only that Gregory Leonard made "verbal threats," and he states that defendants Smith and Bryant are also no longer with RMSI. (ECF No. 136.)

On August 19, 2016, the plaintiff filed two supplemental documents requesting that the court dismiss the order to show cause. (ECF Nos. 137-38.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) gives the court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g., Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 Fed.Appx. 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.,* 370 U.S. 626, 629 (1962).

Moreover, the fact that a plaintiff is incarcerated does not absolve him of the responsibility to prosecute his lawsuit in a diligent manner. *Snavley v. Redman*, 107 F.R.D. 346 (E.D. Mich. 1985).

In determining whether to dismiss an action under Fed. R. Civ. P. 41, the court considers, what are frequently referred to as the four "*Regional Refuse*" factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988). However, "[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. *Link* , 370 U.S. at 630–31.

## III. DISCUSSION

### A. <u>Fault</u>

For a plaintiff's actions to be motivated by bad faith, willfulness, or fault, his conduct must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings." *Wu*, 420 F.3d at 643 (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001) (internal quotation marks omitted) (alteration in original)); *Schafer v. City of Defiance Police Department*, 529 F.3d 731, 739 (6th Cir. 2008).

The court finds that plaintiff is at fault for failing to diligently prosecute this action. Although the plaintiff's conduct may not rise to the level of bad faith, the record demonstrates that plaintiff's failure to prosecute this action was willful and, if nothing else, suggests an intention to abandon his claims.

As amply demonstrated by the extensive procedural history of this action, the plaintiff had no difficulty in pursuing this litigation through March of 2015. The plaintiff knew how to seek more time to complete a task where necessary, (*see e.g.,* ECF Nos. 5-6, 17-19), he knew how to bring issues to the court's attention when he was facing problems in moving forward with the litigation of this matter, (*see e.g.,* ECF Nos. 58, 60, 67, 77), he knew how to file briefs in opposition to defendants' motion to dismiss (*see e.g.,* ECF Nos. 79-82, 84, 89-92, 98, 100, 102), and he knew how to file objections to the magistrate judge's ruling (*see e.g.,* ECF Nos. 51, 126). Nevertheless, and despite the plaintiff's experience as an inmate legal advisor, with qualifications as described above, the plaintiff did not do anything to prosecute this action for nearly a year and one-half.[5] The plaintiff's only excuse for sitting idle for so long is that

---

[5] Moreover, as the court noted in denying the plaintiff's objections to the magistrate judge's order denying his motion to appoint counsel, "Mr. Harbison has been functioning as a "legal assistant" to other prisoners at the facility where he is housed . . . [thus, he] will be at an

defendant Leonard threatened the plaintiff by telling the plaintiff to stop serving him with pleadings and that defendants Thompson, Schofield, Bryant and Smith are no longer employed at RMSI or by TDOC.

First, the plaintiff advised the court on June 27, 2014, nearly 26 months before he filed his response to the order to show cause, that Leonard had made threats on June 2, 2014, regarding the service of pleadings. (*See* ECF No. 58.) The plaintiff also advised the court that he had a solution to the problem—send the pleadings to the court for file-stamps first and then have filed-stamped copies sent to Leonard. (*Id.*) Moreover, it is clear from the proofs of service that the plaintiff filed after June 27, 2014, that Leonard's alleged threats did not deter the plaintiff from serving him with pleadings. (*See e.g.* ECF No. 67-72, 77.) The plaintiff fails to set forth any facts to suggest that defendant Leonard's alleged threats continued after June of 2014, or that, even if they did, how these alleged threats impaired the plaintiff's ability to litigate this case at all, or specifically, against the other remaining defendants. Finally, even if defendant Leonard's threats continued after June of 2014, the plaintiff failed to advise the court that defendant Leonard's threats were a problem, or to move the court for an order to assist him in dealing with defendant Leonard, despite ample evidence that he knew how to accomplish these tasks.[6]

Second, at least three times, and probably more, the plaintiff filed court forms that he filled out, or documents that he created, which alerted the defendants as to what they could expect if they failed to respond to the plaintiff's attempts to serve them with process. (*See* ECF

---

advantage in representing himself in this case as he has been attempting to function as counsel for other inmates. (ECF No. 51.)

[6] Despite the plaintiff's claims that *defendants* threatened him, he does not set forth any facts to suggest that any defendant other than Leonard threatened him in any way.

9

Nos. 43, 69-71, 72.) The court's form Summons and the court's form Waiver of the Service of Summons, which the plaintiff copied in the typewritten document that he prepared, advised each defendant that, if he or she failed to respond to service of process, "a default judgment will be entered against [the defendant]." (ECF Nos. 43, 72.) Additionally, the notice of "Waiving Service of Summons" that the plaintiff created explained that, if the defendant did not return the signed waiver of service form, the plaintiff would "ask the court to require you . . . to pay the expenses of making service." (*See* ECF Nos. 69-71.) Nevertheless, the plaintiff never filed for a default judgment and never moved the court to order the defendants to pay the service fees he incurred. Indeed, the plaintiff did not do anything to move his case forward.

Finally, the fact that none of the remaining defendants, other than Gregory Leonard, are still employed at RMSI or by TDOC, does not in any way excuse the plaintiff's failure to prosecute this case.

### B. Prejudice

The court next considers "whether the adversary was prejudiced by the dismissed party's conduct." *Knoll*, 176 F.3d at 363. The key to finding prejudice is whether the errant party "waste[d] time, money, and effort in pursuit of cooperation which [the errant party] was legally obligated to provide." *Harmon v. CSX TRansp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997) (finding prejudice caused by the plaintiff's failure to respond to interrogatories).

While it is not clear how much time, money and effort the defendants, other than Bean and Carpenter, were required to expend as a result of this litigation, what is clear is that because the plaintiff failed to diligently prosecute this action, all remaining defendants, expect Leonard, have moved on from RMSI or the TDOC or both. Whatever wrongful conduct the plaintiff alleges the defendants engaged in took place well more than two years ago and took place in

connection with their previous employment at RMSI and TDOC. The defendants' ability to protect their own interests has been seriously impaired, if not completely undermined, by the plaintiff's failure to diligently prosecute this action. Under these circumstances, prejudice to the defendants is manifest. *Snavley,* 107 F.R.D. at 348 (finding prejudice and dismissing where plaintiff's case was dormant for 19 months after defendants' answer was filed).

### C. Prior Notice and Alternatives

The magistrate judge's order to show cause put the plaintiff on notice that the court was considering dismissing this action for failure to prosecute.[7] (ECF No. 131.) Nowhere in the order did the magistrate judge convey that the plaintiff would prevent dismissal merely by filing a response to the order to show cause. Where, as here, the plaintiff fails to demonstrate that the four "*Regional Refuse*" factors weigh in his favor, the action may be dismissed. *See Schafer*, 529 F.3d at 740 (dismissing plaintiff's complaint for failure to prosecute where only one factor weighed in plaintiff's favor.)

Finally, the Sixth Court has instructed district courts to look first to an alternative sanction that would protect the integrity of the judicial process, but it has "never held that a district court is without power to dismiss a complaint, as the first and only sanction," and it is reluctant "to require the district court to incant a litany" of possible lesser sanctions. *Schafer*, 529 F.3d at 738 (quoting *Harmon*, 110 F.3d at 368) (internal quotation marks omitted).

Given that the plaintiff has entirely abandoned his case without meaningful excuse, that the case has remained dormant for nearly one and one-half years, that all defendants were sued in

---

[7] Moreover, it bears noting that at least three other orders issued in this action warned the plaintiff that his failure to take action might result in the dismissal of this case for failure to prosecute. *See* ECF Nos. 14 (failure to pay filing fee), 19 (same), 20 (failure to file an amended complaint).

connection with their employment at RMSI or with TDOC, and now only one defendant is still employed at RMSI or by TDOC, no alternative sanction to dismissal would adequately protect the integrity of the judicial process.

## IV. CONCLUSION

For the reasons set forth herein, the court vacates the referral to the magistrate judge and discharges the order to show cause issued by the magistrate judge. This action will be dismissed for failure to prosecute. An involuntary dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

An appropriate order is filed herewith.

It is so **ORDERED**.

_____
ALETA T. TRAUGER
UNITED STATES DISTRICT JUDGE